Nott. J.,
concurring:
I agree in the opinion of the court so far as it relates to the facts of this case.
If any business or official relations had subsisted between the claimant and the Government from the date of his dismissal to the date of its revocation, I should not-be prepared to say that a mistake of law on the part of the Second Comptroller of the Treasury would furnish a cause of action to the Government. If the Second Comptroller, in the case of an officer of the Army, were to give a construction to a statute different from that which the judiciary might subsequently, give, whereby the officer would receive greater pay or larger allowances than the law (as construed by the court) intended, I am not prepared to say that the Government could re-open the transaction and recover back the overpayment as money paid without legal authority in its official agents. But, in this case, the claimant was an utter stranger.to the Government, the order of the Secretary, of the Navy creating no liability and giving him no claim or» account for the Second Comptroller to adjust.
I think it proper to add to the decision of this case that the facts on which the late Second Comptroller of the Treasury rendered his decision are not before the court, and that the counsel for the defendants has presented the mistake as one of law. The decision is so different from others made by the accounting-officers of the Treasury in somewhat similar cases that I am inclined to suspect that if all the facts were before the court it would be found that the mistake was one of fact and not of law.
Peck, J., was absent when the case was heard, and took no part in the decision.